

**SO ORDERED.**

**SIGNED this 01 day of March, 2010.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                              CASE NO.

LEROY HAMLIN                                                        09-05272-8-SWH
SHEILIA HAMLIN

     DEBTORS

## ORDER DISMISSING CASE

This matter came before the court on the chapter 13 trustee's motion to confirm the debtors' plan. A hearing took place in Raleigh, North Carolina on February 17, 2010.

Leroy Hamlin and Sheilia Hamlin filed a petition for relief under chapter 13 of the Bankruptcy Code on June 25, 2009. The debtors proposed a plan of reorganization with payments of $1,529 per month for 15 months followed by $1,447 per month for 40 months. The trustee's motion to confirm the debtors' plan provided that payments would be $1,529 per month for 15 months followed by $2,386 for 40 months.[1] The debtors objected to the motion to confirm, contending that the IRS had filed an amended claim significantly reducing its priority claim, and the plan payments should be reduced.

---

[1] In this district, debtors file proposed plans, and the chapter 13 trustees file motions to confirm the plans. The trustee's motion may reflect changes to the plan that result from the filing of claims or other circumstances that render the debtors' original plan unconfirmable or infeasible.

At the hearing, counsel for the debtors indicated that due to a significant change in circumstances including reduced income, the Hamlins wished to dismiss their case pursuant to 11 U.S.C. § 1307(b). That section provides that "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court *shall* dismiss a case under this chapter." 11 U.S.C. § 1307(b) (emphasis added). The trustee objected, contending that the attempt to dismiss the case was a bad faith effort by the debtors to have the $7,900 paid into the plan returned to them without any trustee commission or payment to creditors. The trustee maintained that the plan should be confirmed, after which he would disburse the funds to creditors and then seek to have the case dismissed for non-compliance with a December 21, 2009 consent order to bring the plan payments current. The issue at the hearing thus became whether the court is required by § 1307(b) to dismiss the case upon the debtors' request, or whether it has any authority to consider objections to the request for dismissal. A secondary question is whether a written motion to dismiss must be filed and served on interested parties, or whether the request by counsel in open court was sufficient for purposes of § 1307(b). The parties were given an opportunity to submit authorities to the court in support of their respective positions.

The court's analysis begins with the language of statute. "It is an axiom of statutory interpretation that the plain meaning of an unambiguous statute governs, barring exceptional circumstances." Wachovia Bank, N.A. v. Schmidt, 388 F.3d 414, 416 (4th Cir. 2004). The Fourth Circuit emphasized in In re Coleman, 426 F.3d 719 (4th Cir. 2005), that "[i]n analyzing statutory language, [courts] must first 'determine whether the language at issue has a plain and unambiguous meaning.'" Coleman, 426 F.3d at 725 (4th Cir. 2005), quoting Robinson v. Shell Oil Co., 519 U.S. 337, 340, 117 S. Ct. 843, 846 (1997). That analysis is "guided 'by reference to the language itself,

2

the specific context in which that language is used, and the broader context of the statute as a whole.'" Coleman, 426 F.3d at 725, quoting Shell Oil, 519 U.S. at 341, 117 S. Ct. at 846.

The language of § 1307(b) seems plain and unambiguous: "[o]n request of the debtor at any time, if the case has not been converted . . . the court *shall* dismiss a case under this chapter." 11 U.S.C. § 1307(b) (emphasis added). Nothing else appearing, one could conclude that the court has no discretion but to dismiss the case immediately upon the request of the debtor. However, there is a distinct line of cases holding that the right to dismiss under § 1307(b) is conditioned on another party's right to seek conversion of the case under § 1307(c), or that the right is otherwise subject to review based on allegations of bad faith or fraud.[2]

Prior to the Supreme Court's ruling in Marrama v. Citizens Bank of Massachusetts (In re Marrama), 549 U.S. 365, 127 S. Ct. 1105 (2007), the United States Court of Appeals for the Second Circuit held that a debtor has an absolute right to dismiss a chapter 13 petition under § 1307(b), subject only to the limitations set forth in that provision. Barbieri v. RAJ Acquisition Corp. (In re Barbieri), 199 F.3d 616, 619 (2nd Cir. 1999). The Second Circuit emphasized the unambiguous language of the statute, noting that "the term 'shall' . . . leaves no room for the exercise of discretion by the trial court." Id. (citation omitted). The court also compared the use of the word "shall" with the more permissive term "may" in § 1307(c), noting that "[i]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." Id. at 619-20 (citing BFP v. Resolution Trust Corp., 511 U.S. 531, 537, 114 S. Ct. 1757 (1994)). There were, the court explained, other bases for its holding as well, including its

---

[2] There is no controlling precedent in the Fourth Circuit. In re Campbell, 2007 WL 4553596 at *2 (Bankr. N.D. W. Va. 2007).

3

conclusion Congress intended to create an entirely voluntary chapter of the Bankruptcy Code; that allowing a creditor to convert a case to chapter 7 notwithstanding a pending motion to dismiss would permit a creditor to effectuate an involuntary petition without satisfying the requirements of § 303; that the argument that allowing an absolute right to convert would nullify § 1307(c) "carries no weight since either party could make the same argument;" that a bankruptcy court's § 105(a) powers cannot be used in contravention of express statutory language; and that adequate safeguards already exist to prevent abuse. Id. at 620-22 (citations omitted).

Also prior to Marrama, the Eighth Circuit took the opposite view in Molitor v. Eidson (In re Molitor), 76 F.3d 218 (8th Cir. 1996). That court held that allowing a debtor to respond to a motion to convert by dismissing the chapter 13 case "would render § 1307(c) a dead letter and open up the bankruptcy court to a myriad of potential abuses." 76 F.3d at 220. Weighing the precedent both finding and disallowing an absolute right to dismiss under § 1307(b), the Campbell court summarized the rationale for concluding that the right to dismiss is conditioned by § 1307(c) as follows:

> (1) the broad purpose of the Bankruptcy Code is best served by interpreting § 1307(c) to allow a court to convert a case to Chapter 7 upon a showing of fraud;
> (2) a court must look to the overall purpose and design of the statute as a whole, rather than viewing one subsection in isolation; . . .
> (3) allowing an absolute right of dismissal under § 1307[b] renders § 1307 a dead letter and opens up the bankruptcy court to a myriad of potential abuses;
>
> * * *
>
> (4) § 1307(b) requires that a debtor "request" dismissal, which indicates that the court has the power to grant or deny that request - § 1307(a), which provides a debtor with the absolute right to convert a Chapter 13 case to one under Chapter 7 contains no similar requirement that the conversion be "requested;"
> (5) Fed. R. Bankr. P. 1017(f) provides that in cases of conversion, the conversion is effective without court order as soon as the debtor files the notice - no similar Rule is applicable when a debtor seeks to dismiss a Chapter 13 case under § 1307(b);

4

> (6) § 105(a) allows a court to issue orders to prevent an abuse of process so that the court need not be a legal playground for bad faith debtors; and
> (7) conversions under § 1307(c) need not be consensual, [and] allowing a debtor an absolute right to dismiss a case under § 1307(b) would effectively make conversions under § 1307(c) a consensual process.

Campbell, 2007 WL 4553596 at *3.

In 2007, the Supreme Court considered whether a chapter 7 debtor had an unqualified right of conversion to chapter 13 in the face of allegations of bad faith conduct. Marrama, 549 U.S. 365, 127 S. Ct. 1105. The Court examined the language of § 706(a), which provides that "the debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable." The Court also considered § 706(d), which provides that "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." The debtor faced allegations of bad faith prepetition conduct, and the Court held that because the bad faith conduct would prevent the debtor from qualifying as a debtor under chapter 13, the debtor did not have an absolute right to convert under § 706(a).

For reasons that are not obvious to this court, some courts have extended the holding in Marrama to limit the debtor's right to dismiss under § 1307(b), notwithstanding the use of "may" in § 706(a) and the use of "shall" in § 1307(b). See Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 772-75 (9th Cir. 2008); In re Armstrong, 408 B.R. 559, 569 (Bankr. E.D.N.Y. 2009) (holding that after Marrama, "the Second Circuit's decision in Barbieri is no longer good law");[3] In re Caola, –

---

[3] However, the Second Circuit has not overruled Barbieri, and there is certainly room for argument that Marrama does not require the court to disregard the reasoning and conclusion in Barbieri.

B.R. –, 2010 WL 45903 at *7 (Bankr. D.N.J. 2010).  Other courts have read Marrama in a more limited, straightforward way that does not extend the Court's construction of one statute to the differing language used in another, and noting that there is no analogue to the eligibility requirement of § 706(d) where the dismissal of a chapter 13 case is at issue.  See In re Polly, 392 B.R. 236, 246 (Bankr. N.D. Tex. 2008); In re Davis, 2007 WL 1468681 (Bankr. M.D. Fla. 2007); Campbell, 2007 WL 4553596.  Polly also distinguishes Maramma based on the policy issues behind voluntary conversion as opposed to voluntary dismissal.  392 B.R. at 246-47.

This court finds that the reasoning in Barbieri is persuasive and that the Court's analysis in Marrama does not control in this case.  In fact, this case is distinguishable from all of the other cases that considered whether the right to dismiss under § 1307(b) is absolute, both before and after Marrama, because each of those cases considered whether the debtor could take a dismissal in the face of a competing motion to convert.  There is no motion to convert in this case, nor are there allegations of fraud.[4]  Instead, the trustee in this case seeks to *confirm* the debtor's plan, which in

---

[4] Though he does not specifically allege bad faith, the trustee contends that dismissing the case and having the funds returned to the debtors, rather than disbursed to creditors with an appropriate commission to the trustee is somehow "gaming the system."  The trustee maintains that if the dismissal is allowed prior to confirmation, the debtors will have had the benefit of the automatic stay with no distribution to creditors and the trustee will recover only a $125 administrative fee in a case in which he and his office have expended substantial time.  The trustee concedes that he wishes for the case to be dismissed immediately after confirmation, which would achieve the requested dismissal while enabling him to make a distribution to creditors and to be paid his commission. However, the debtors have an interest in using the returned funds to pay their creditors, rather than face foreclosure and/or repossession.  In addition, while the debtors have had the benefit of the automatic stay since filing, creditors have had the option of seeking relief from the stay if such relief was appropriate.  Creditors also have not been prejudiced by the stay because "a stay provides no more than delay for a debtor unless it matures into a discharge."  Polly, 392 B.R. at 246.  Finally, the trustee may seek additional costs and expenses pursuant to § 503(a) and this court's Administrative Order Authorizing Administrative Claim by Trustees in Cases Dismissed Prior to Confirmation dated January 20, 1999.

itself requires a finding of good faith.[5] Where the trustee is essentially trying to keep the debtors in chapter 13 against their will, the policy reasons behind finding an absolute right to dismiss under § 1307(b) are even more compelling: Congress intended for chapter 13 to be purely voluntary, and the thirteenth amendment prohibits compelling debtors to work for the benefit of creditors, a problem not present in converted chapter 7 cases where postpetition earnings are not paid to creditors. Finally, the court observes that this situation arises only due to an anomaly in this district that the *trustee* files the motion for confirmation. The proposed plan is the *debtors'* plan, and in most courts, the debtors are the parties to seek confirmation. Absent this district's unique procedure, the debtors could withdraw the motion to confirm and dismiss the case; even with this district's procedure, it may be that the debtors can simply withdraw the plan itself.

Accordingly, the court holds that these debtors have the absolute right to dismiss pursuant to § 1307(b). However, that right is not entirely unconditional. Those courts recognizing an absolute right to dismiss have also held that "parties in interest are entitled to request that the Debtor's motion to dismiss be conditioned pursuant to § 349." Campbell, 2007 WL 4553596 at *4; see also Polly, 392 B.R. at 245. Similarly, this court has previously held that § 1307(b) (and its parallel § 1208(b)) "does not prevent the court, under appropriate circumstances, from delaying entry of a voluntary dismissal in order to protect creditor rights." In re Tyndall, 97 B.R. 266, 268 (Bankr. E.D.N.C. 1989). "A dismissal with conditions does not contravene the debtor's absolute right to dismiss" under § 1307(b). In re Greenberg, 200 B.R. 763, 767 (Bankr. S.D.N.Y. 1996).

---

[5] The plan must also be feasible to be confirmed. The debtors maintain that they cannot make their payments due to their change in financial condition, as evidenced by the previously missed payments. Because of the feasibility issue, the debtors contend that the court could not confirm the plan as requested by the trustee.

The right to have the court consider conditions on the dismissal ties into the question of whether the debtors may "request" the dismissal of their case in open court, without a written motion. The language of the statute itself, "on request of the debtor *at any time*," suggests that an oral motion at a hearing would suffice. 11 U.S.C. § 1307(b) (emphasis added). Further, Rule 1017(f)(2) of the Federal Rules of Bankruptcy Procedure governs the procedure for dismissal under § 1307(b). That Rule provides that conversion under § 1307(b) "shall be on motion filed and served as required by Rule 9013." Rule 9013 provides

> A request for an order . . . shall be by written motion, *unless made during a hearing*. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee . . . and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

Fed. R. Bankr. P. 9013 (emphasis added).

At least one court has held that an oral motion to dismiss should not be allowed because creditors would be without prior notice that dismissal would be at issue at a hearing noticed for another purpose. In re Bistrian, 184 B.R. 678, 683 (E.D. Pa. 1995); see generally, 4 Keith M. Lundin, Chapter 13 Bankruptcy 3d Ed. § 329.1 (2000 & Supp. 2004). On the other hand, an oral motion was allowed in Polly, 392 B.R. at 237 n.3, without comment. In this case, the hearing was noticed on a motion to confirm the debtors' plan and the debtors' objection to the motion to confirm. The consequence of not confirming a plan is dismissal, and thus the creditors and the trustee should have foreseen the possibility of dismissal at the hearing on February 17, 2010. As a result, concerned creditors, as well as the trustee (who was present), had an opportunity to request that conditions be placed on dismissal. In addition, debtors are required to serve written notice of their

8

request to dismiss pursuant to § 1307(b) only on the trustee, and not on creditors.  See E.D.N.C. LBR 2002-1(c); E.D.N.C. Administrative Guide to Practice & Procedure (Guide to Service & Notice Requirements) (December 1, 2009).  Consequently, there would be no benefit to requiring the debtors to file and serve a written motion at this time, because, absent other instructions from the court, only the trustee would receive notice.

The trustee also expressed concern that without specific notice of the motion to dismiss, parties would be unprepared to file thorough, researched responses.  However, that concern is alleviated by the fact that the court invited all of the parties an opportunity to brief the issues prior to ruling.

Based on the foregoing, the debtors' motion to dismiss pursuant to § 1307(b), made in open court on February 17, 2010, is **ALLOWED** *nunc pro tunc* to February 17, 2010.[6]  See Campbell, 2007 WL 4553596 at *6-7 (orders dismissing case pursuant to § 1307(b) should be granted *nunc pro tunc* to the date of filing of motion to preserve absolute right to dismiss and protect rights of other parties to request conditions on dismissal).  However, the trustee may file, within 15 days of the date of this order, an Application for Administrative Claim pursuant to § 502(a) prior to returning the funds to the debtors.  The motion for confirmation is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**

---

[6] After the debtors made their oral motion to dismiss, but prior to the entry of this order, Ocwen Loan Servicing, LLC filed a motion for relief from the automatic stay. For purposes of § 109(g)(2), the court finds that the debtors "requested and obtained a voluntary dismissal" *prior to* the filing of the motion for relief, and no 180-day bar to refiling shall be imposed under that provision.